# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40395

_____

RONALD LEE CONVERSE, *Individually and as next friend of* CHAD ERNEST LEE SILVIS, *Deceased*,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

OFFICER RUBEN KIMBALL; ANNA MARIE WHELAN; MARCUS WAY,

*Defendants—Appellants*,

JAMES MELTON

*Defendant—Cross-Appellee*,

_____

SARA MONROE, *as Next Friend of* B.S., *a Minor*,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

OFFICER RUBEN KIMBALL; OFFICER MARCUS WAY; ANNA MARIE WHELAN, DISPATCHER,

*Defendants—Appellants*,

Officer James Melton

*Defendant—Cross-Appellee.*

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:15-CV-105, 3:16-CV-94

———————————————————

Before Dennis, Engelhardt, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Chad Silvis tragically committed suicide while detained in the municipal jail in Kemah, Texas. His survivors sued various police officers for unconstitutionally failing to prevent the suicide. Four officers moved for summary judgment on the basis of qualified immunity. The district court denied summary judgment to three officers and granted it to one. All four officers are before us on either appeal or cross-appeal.

As for the three officers who appealed the denial of qualified immunity (Marcus Way, Anna Marie Whelan, and Reuben Kimball), we affirm for substantially the same reasons given by the district court in its well-reasoned opinion. As for the plaintiffs' cross-appeal of the grant of qualified immunity for James Melton, we dismiss. The pendent appellate jurisdiction that attaches to the court-created collateral-order doctrine is "carefully circumscribed." *Escobar v. Montee*, 895 F.3d 387, 391–92 (5th Cir. 2018). And plaintiff's cross-appeal does not meet it. *See id.* at 392. The district court's grant of qualified immunity to Melton is reviewable only after final judgment. *See Elizondo v. Green*, 671 F.3d 506, 509–10 (5th Cir. 2012).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40395

We therefore AFFIRM in part and DISMISS in part.